UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In re: BETSEY WARREN                    NO. CIV. S-08-763 FCD
LEBBOS,

        Debtor,
_____/
BETSEY WARREN LEBBOS,

        Appellant,

    v.                                  <u>MEMORANDUM AND ORDER</u>

LINDA SCHUETTE,

        Appellee.
_____/

In re: BETSEY WARREN                    NO. CIV. S-08-912 FCD
LEBBOS,
        Debtor,
_____/
BETSEY WARREN LEBBOS,
JASON GOLD, THOMAS
CARTER,

        Appellants,

    v.

LINDA SCHUETTE,

        Appellee.
_____/

1

----oo0oo----

The above captioned bankruptcy appeals are before the court on appellant Betsey Warren Lebbos' ("appellant") motions to certify these cases for immediate appeal to the Ninth Circuit, pursuant to 28 U.S.C. § 158(d).[1]  In these respective actions, appellant seeks reversal of the bankruptcy court's (1) denial of her recusal motion (No. Civ. S-08-763 FCD) and (2) entry of default judgment against her (No. Civ. S-08-912 FCD).  Appellant appealed these matters under Section 158(a)(1), specially electing appeal to the United States District Court.  Subsection (a)(1) of Section 158 provides district courts with jurisdiction over appeals "from final judgments, orders, and decrees."

Now, however, appellant seeks direct appeal to the Ninth Circuit, arguing that under Section 158(d) immediate appeal thereto is warranted.  Section 158(d)(2)(A) permits this court to certify an appeal, properly within its jurisdiction, to the Ninth Circuit under limited circumstances: (1) the judgment, order, or decree must involve "a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;" (2) the judgment, order, or decree "involves a question of law requiring resolution of conflicting decisions;" *or* (3) an immediate appeal from the judgment, order, or decree "may materially advance the progress of the case or proceeding in which the appeal is taken."

---

[1]    Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

28 U.S.C. § 158(d)(2)(A)(i)-(iii).

Here, appellant has not shown that any of these requirements for certification are present.  The bankruptcy court's decisions, denying appellant's recusal motion and entering default judgment, do not raise questions of law for which there is no controlling decision nor are there conflicting authorities on point.  Rather, the recusal motion and request for entry of default judgment presented clear and straightforward issues of law which the bankruptcy court resolved applying applicable federal and state authorities.  Appellant does not cite any authorities which demonstrate a conflict of law relevant to this case.  Moreover, the subject issues do not involve matters of public importance. Appellant alleges wrongdoing personal only to her in her recusal motion, and the default order pertains to *her* real property. Finally, immediate appeal to the Ninth Circuit will not materially advance the resolution of the underlying bankruptcy proceedings.  The denial of appellant's recusal motion in no way affected the progress of the proceedings in the adversary matter in No. Civ. S-08-763 FCD, and the entry of default judgment against appellant, and others, finally resolved the underlying adversary proceedings in No. Civ. S-08-912 FCD.  Thus, resolution of the instant appeals in this court (or even in the Ninth Circuit) will not materially advance the progress of the underlying adversary cases.

Therefore, because none of the requirements for certification are present in this case, the court HEREBY DENIES appellant's motions to certify these matters for immediate appeal

1  to the Ninth Circuit.

2       IT IS SO ORDERED.

3  DATED: July 28, 2008

4

5  _____

6  FRANK C. DAMRELL, Jr.
   UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28