UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| In re: BETSEY WARREN LEBBOS, | NO. CIV. S-08-763 FCD |
|     Debtor, _____/ | |
| BETSEY WARREN LEBBOS, | |
|     Appellant, | |
|     v. | MEMORANDUM AND ORDER |
| LINDA SCHUETTE, | |
|     Appellee. _____/ | |
| In re: BETSEY WARREN LEBBOS, | NO. CIV. S-08-912 FCD |
|     Debtor, _____/ | |
| BETSEY WARREN LEBBOS, JASON GOLD, THOMAS CARTER, | |
|     Appellants, | |
|     v. | |
| LINDA SCHUETTE, | |
|     Appellee. _____/ | |

1

----oo0oo----

The above captioned actions are before the court on appellant Betsey Warren Lebbos' ("appellant") motions to disqualify the undersigned from hearing these bankruptcy appeals.[1]  Appellant contends that pursuant to 28 U.S.C. § 455, the undersigned must disqualify himself because he is biased against appellant due to her disability (alleged severe asthma).[2]  Appellant bases this bald assertion on the simple fact that the court refused, in a related proceeding, to allow an attorney to specially appear on appellant's behalf at a hearing on her emergency motion to stay certain bankruptcy proceedings.  (In re: Betsey Warren Lebbos, No. Civ. S-08-440 FCD, hearing held April 7, 2008.)[3]

Section 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The test for disqualification under this section is an objective one:  "whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might

---

[1]  Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 78-230(h).  Appellant Thomas Carter joined in the motion filed in Case No. Civ. S-08-912 FCD. (Joinder, filed July 17, 2008.)

[2]  In her reply, appellant requests that another judge consider and rule on the instant motions; Section 455, however, does not require such consideration.  United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980) ("Section 455 includes no provision for referral of the question of recusal to another judge.")

[3]  Subsequently, this court dismissed this related appeal for lack of jurisdiction.  (Mem. & Order, filed June 10, 2008 in Case No. Civ. S-08-440 FCD.)

2

1  reasonably be questioned." <u>United States v. Nelson</u>, 718 F.2d
2  315, 321 (9th Cir. 1983).  Here, no such facts exist which could
3  conceivably give rise to a finding of bias against appellant.
4      At the prior hearing in the related appeal, Case No. Civ. S-
5  08-440 FCD, the court denied appellant's request to have her co-
6  appellants' counsel appear on her behalf.  Appellant appeared in
7  that related action, as she does here, *pro per*.  As a result,
8  counsel for her co-appellants could not appear on her behalf--
9  "special appearances" by counsel are not permitted by the Local
10 Rules.  E.D. Cal. L.R. 83-182, 83-183.  Appellant was, however,
11 permitted (and able)[4] to speak at the hearing on her own behalf,
12 and after full consideration of the parties' papers and oral
13 argument, the court denied appellants' motions for an emergency
14 stay.  (Mem. & Order, filed April 7, 2008 in Case No. Civ. S-08-
15 440 FCD.)  No reasonable person could construe these facts as
16 evidencing a bias against appellant.
17     Indeed, courts have routinely held that "adverse rulings do
18 not constitute the requisite bias" for purposes of
19 disqualification under Section 455(a).  <u>See e.g.</u> <u>Nelson</u>, 718 F.2d
20 at 321 (citing cases) (holding judge's acceptance of an invalid
21 guilty verdict in the defendant's first trial did not necessitate
22 recusal); <u>United States v. Sibla</u>, 624 F.2d 864, 869 (9th Cir.
23 1980) (emphasizing that recusal under Section 455(a) is only
24 required where the bias or prejudice stems from an "extrajudicial

---

[4] Plaintiff's protestations that she has been unable to adequately participate in these proceedings are wholly unpersuasive.  Plaintiff fully participated in the April hearing, and her voluminous filings in the instant appeals and the numerous other related matters demonstrates her ability to litigate these matters.

1 source"). That appellant's request for appearance by counsel and
2 motion for stay were ultimately denied provides no grounds for
3 recusal of the undersigned. Appellant's motions to disqualify
4 are HEREBY DENIED.
5    IT IS SO ORDERED.
6 DATED: July 28, 2008

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE